**FILED**
CLERK, U.S. DISTRICT COURT

10/01/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LR_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANN QUACH,<br><br>　　　　Defendant. | CR 2:25-cr-00802-SPG<br><br>I N D I C T M E N T<br><br>[26 U.S.C. § 7206(2): Aiding and Assisting in the Preparation of a False Tax Return; 26 U.S.C. § 7206(1): Filing False Tax Return; 18 U.S.C. § 1343: Wire Fraud 26 U.S.C.§ 7301, 28 U.S.C. § 2461(c), 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH TWENTY

[26 U.S.C. § 7206(2)]

1.    At times relevant to this Indictment:

        a.    Defendant ANN QUACH was a resident of Thousand Oaks, California.

        b.    Defendant QUACH owned and operated AQ Financial. At times, defendant QUACH operated her business using the fictitious business name (dba) A2Z Tax Solutions.

        c.    Defendant QUACH was in the business of preparing and assisting in the preparation of tax returns for clients for fees.

d.    Defendant QUACH sometimes falsely held herself out to the public as a Certified Public Accountant.

2.    On or about the dates set forth below, in Ventura County, within the Central District of California, and elsewhere, defendant QUACH willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040, for the years and in the names of the taxpayers set forth below, which returns were false and fraudulent as to a material matter, in that the returns reported false medical and dental expenses, false gifts to charity, and false businesses losses, among other things, whereas, as defendant QUACH then well knew, the taxpayers had no such expenses, made such gifts or had such business losses.  As a result of these false and fraudulently claimed expenses, gifts to charity, and business losses, and as defendant QUACH well knew, defendant QUACH prepared and filed returns that falsely reduced her clients' reported taxable income and often claimed refunds from the Internal Revenue Service to which her clients were not entitled.

///

///

///

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|---|---|---|---|---|
| 1 | 5/30/2020 | J.L.D. | 2019 | a. Sch. A, line 11, gifts by cash or check: $18,760<br><br>b. Sch. C (J.L.D.), line 31, net profit or (loss): ($23,785)<br><br>c. Sch. 1, line 3, business income or (loss): ($23,785)<br><br>d. Form 1040, line 11b, taxable income: $168,405<br><br>e. Form 1040, line 23, amount you owe: $7,702 |
| 2 | 6/28/2020 | M.K.S. & K.M.S. | 2019 | a. Sch. C (M.K.S.), line 31, net profit or (loss): ($12,973)<br><br>b. Sch. C (K.M.S.), line 31, net profit or (loss): ($13,245)<br><br>c. Sch. 1, line 3, business income or (loss): ($26,218)<br><br>d. Form 1040, line 11b, taxable income: $55,613<br><br>e. Form 1040, line 21a, refund: $1,130 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|---|---|---|---|---|
| 3 | 6/30/2020 | M.M. | 2019 | a. Sch. C (M.M.), line 31, net profit or (loss): ($17,177)<br><br>b. Sch. 1, line 3, business income or (loss): ($17,177)<br><br>c. Form 1040, line 11b, taxable income: $191,141<br><br>d. Form 1040, line 21a, refund: $7,586 |
| 4 | 7/3/2020 | L.Y.M. | 2019 | a. Sch. A, line 1, medical and dental expenses: $12,933<br><br>b. Sch. A, line 11, gifts by cash or check: $3,210<br><br>c. Sch. C (L.Y.M.), line 31, net profit or (loss): ($14,723)<br><br>d. Sch. 1, line 3, business income or (loss): ($14,723)<br><br>e. Form 1040, line 11b, taxable income: $42,939<br><br>f. Form 1040, line 21a, refund: $1,956 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|-------|-------------|-------------|---------------|---------------|
| 5 | 10/16/2020 | R.T.C. | 2019 | a. Sch. A, line 11, gifts by cash or check: $28,650<br><br>b. Sch. C (R.T.C.), line 31, net profit or (loss): ($29,853)<br><br>c. Sch. 1, line 3, business income or (loss): ($29,853)<br><br>d. Form 1040, line 11b, taxable income: $289,309<br><br>e. Form 1040, line 23, amount you owe: $10,558 |
| 6 | 3/22/2021 | M.K.S. & K.M.S. | 2020 | a. Sch. C (M.K.S.), line 31, net profit or (loss): ($7,723)<br><br>b. Sch. 1, line 3, business income or (loss): ($7,723)<br><br>c. Form 1040, line 15, taxable income: $58,123<br><br>d. Form 1040, line 35a, refund: $4,710 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|-------|-------------|-------------|---------------|---------------|
| 7 | 5/11/2021 | L.Y.M. | 2020 | a. Sch. A, line 1, medical and dental expenses: $13,226<br><br>b. Sch. A, line 11, gifts by cash or check: $3,760<br><br>c. Sch. C (L.Y.M.), line 31, net profit or (loss): ($11,947)<br><br>d. Sch. 1, line 3, business income or (loss): ($11,947)<br><br>e. Form 1040, line 15, taxable income: $54,752<br><br>f. Form 1040, line 35a, refund: $790 |
| 8 | 5/15/2021 | J.L.D. | 2020 | a. Sch. A, line 11, gifts by cash or check: $9,750<br><br>b. Sch. C (J.L.D.), line 31, net profit or (loss): ($10,943)<br><br>c. Sch. 1, line 3, business income or (loss): ($10,943)<br><br>d. Form 1040, line 15, taxable income: $138,715<br><br>e. Form 1040, line 35a, refund: $2,430 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|---|---|---|---|---|
| 9 | 6/4/2021 | M.M. | 2020 | a. Sch. A, line 11, gifts by cash or check: $6,530<br><br>b. Sch. C (M.M.), line 31, net profit or (loss): ($14,788)<br><br>c. Sch. 1, line 3, business income or (loss): ($14,788)<br><br>d. Form 1040, line 15, taxable income: $226,818<br><br>e. Form 1040, line 35a, refund: $2,598 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|---|---|---|---|---|
| 10 | 3/12/2022 | H.L.P. & R. P.P. | 2021 | a. Sch. A, line 1, medical and dental expenses: $19,863<br><br>b. Sch. A, line 11, gifts by cash or check: $17,635<br><br>c. Sch. C (H.L.P.), line 31, net profit or (loss): ($26,490)<br><br>d. Sch. C (R.P.P.), line 31, net profit or (loss): ($25,683)<br><br>e. Sch. 1, line 3, business income or (loss): ($52,173)<br><br>f. Form 1040, line 15, taxable income: $157,886<br><br>g. Form 1040, line 35a, refund: $5,478 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|---|---|---|---|---|
| 11 | 3/23/2022 | L.Y.M. | 2021 | a. Sch. A, line 1, medical and dental expenses: $16,328<br><br>b. Sch. A, line 11, gifts by cash or check: $5,650<br><br>c. Sch. C (L.Y.M.), line 31, net profit or (loss): ($11,912)<br><br>d. Sch. 1, line 3, business income or (loss): ($11,912)<br><br>e. Form 1040, line 15, taxable income: $49,813<br><br>f. Form 1040, line 35a, refund: $1,357 |
| 12 | 4/26/2022 | M.K.S. & K.M.S. | 2021 | a. Sch. C (M.K.S.), line 31, net profit or (loss): ($12,692)<br><br>b. Sch. 1, line 3, business income or (loss): ($12,692)<br><br>c. Form 1040, line 15, taxable income: $74,587<br><br>d. Form 1040, line 35a, refund: $4,337 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|---|---|---|---|---|
| 13 | 8/19/2022 | R.T.C. | 2021 | a. Sch. A, line 11, gifts by cash or check: $35,610<br><br>b. Sch. C (R.T.C.), line 31, net profit or (loss): ($12,960)<br><br>c. Sch. 1, line 3, business income or (loss): ($12,960)<br><br>d. Form 1040, line 15, taxable income: $297,002<br><br>e. Form 1040, line 35a, refund: $2,815 |
| 14 | 3/16/2022 | V.A.F. & K.F. | 2021 | a. Sch. A, line 11, gifts by cash or check: $31,760<br><br>b. Sch. C (V.A.F.), line 31, net profit or (loss): ($20,628)<br><br>c. Sch. 1, line 3, business income or (loss): ($20,628)<br><br>d. Form 1040, line 15, taxable income: $241,611<br><br>e. Form 1040, line 35a, refund: $29 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|-------|-------------|-------------|---------------|---------------|
| 15 | 7/6/2022 | J.L.D. | 2021 | a. Sch. A, line 1, medical and dental expenses: $16,728<br><br>b. Sch. A, line 11, gifts by cash or check: $9,765<br><br>c. Sch. C (J.L.D.), line 31, net profit or (loss): ($12,901)<br><br>d. Sch. 1, line 3, business income or (loss): ($12,901)<br><br>e. Form 1040, line 15, taxable income: $154,677<br><br>f. Form 1040, line 35a, refund: $5,111 |
| 16 | 10/16/2022 | M.M. | 2021 | a. Sch. C (M.M.), line 31, net profit or (loss): ($98,431)<br><br>b. Sch. C (M.M.), line 31, net profit or (loss): ($82,495)<br><br>c. Sch. 1, line 3, business income or (loss): ($180,926)<br><br>d. Form 1040, line 15, taxable income: $463,369<br><br>e. Form 1040, line 35a, refund: $768 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|-------|-------------|-------------|---------------|---------------|
| 17 | 2/9/2023 | L.Y.M. | 2022 | a. Sch. A, line 1, medical and dental expenses: $18,962<br><br>b. Sch. A, line 11, gifts by cash or check: $8,210<br><br>c. Sch. C (L.Y.M.), line 31, net profit or (loss): ($9,898)<br><br>d. Sch. 1, line 3, business income or (loss): ($9,898)<br><br>e. Form 1040, line 15, taxable income: $41,102<br><br>f. Form 1040, line 35a, refund: $3,727 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|-------|-------------|-------------|---------------|---------------|
| 18 | 3/7/2023 | H.L.P. & R. P.P. | 2022 | a. Sch. A, line 1, medical and dental expenses: $21,865<br><br>b. Sch. A, line 11, gifts by cash or check: $25,760<br><br>c. Sch. C (H.L.P.), line 31, net profit or (loss): ($26,425)<br><br>d. Sch. C (R.P.P.), line 31, net profit or (loss): ($25,191)<br><br>e. Sch. 1, line 3, business income or (loss): ($51,616)<br><br>f. Form 1040, line 15, taxable income: $180,038<br><br>g. Form 1040, line 35a, refund: $2,552 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|---|---|---|---|---|
| 19 | 3/20/2023 | J.B.E. & M.E. | 2022 | a. Sch. A, line 1, medical and dental expenses: $19,867<br><br>b. Sch. A, line 11, gifts by cash or check: $15,755<br><br>c. Sch. C (J.B.E.), line 31, net profit or (loss): ($9,865)<br><br>d. Sch. C (M.E.), line 31, net profit or (loss): ($12,894)<br><br>e. Sch. 1, line 3, business income or (loss): ($22,759)<br><br>f. Form 1040, line 15, taxable income: $105,318<br><br>g. Form 1040, line 35a, refund: $6,296 |

| COUNT | FILING DATE | TAXPAYER(S) | CALENDAR YEAR | FALSE ITEM(S) |
|-------|-------------|-------------|---------------|---------------|
| 20 | 4/2/2023 | V.A.F. & K.F. | 2022 | a. Sch. A, line 11, gifts by cash or check: $35,650 <br><br> b. Sch. C (V.A.F.), line 31, net profit or (loss): ($22,990) <br><br> c. Sch. C (K.F.), line 31, net profit or (loss): ($14,859) <br><br> d. Sch. 1, line 3, business income or (loss): ($37,849) <br><br> e. Form 1040, line 15, taxable income: $307,857 <br><br> f. Form 1040, line 35a, refund: $4,080 |

COUNT TWENTY-ONE

[26 U.S.C. § 7206(1)]

3.    The Grand Jury realleges paragraph 1 of this Indictment here.

4.    On or about October 20, 2022, in the Central District of California, and elsewhere, defendant QUACH willfully made and subscribed, and filed and caused to be filed, with the Internal Revenue Service, a false 2021 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which defendant QUACH did not believe to be true and correct as to every material matter, in that on such Form 1040, defendant QUACH reported gross receipts in the amount of $39,650 on line 1 of the Schedule C for AQ Financial, whereas, as defendant QUACH then knew, her business had received gross receipts substantially in excess of $39,650.

COUNT TWENTY-TWO

[26 U.S.C. § 7206(1)]

5.   The Grand Jury realleges paragraph 1 of this Indictment here.

6.   On or about April 17, 2023, in the Central District of California, and elsewhere, defendant QUACH willfully made and subscribed, and filed and caused to be filed, with the Internal Revenue Service, a false 2022 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which defendant QUACH did not believe to be true and correct as to every material matter, in that, on such Form 1040, defendant QUACH reported gross receipts in the amount of $36,965 on line 1 of the Schedule C for AQ Financial, whereas, as defendant QUACH knew, her business had received gross receipts substantially in excess of $36,965.

1        COUNTS TWENTY-THREE THROUGH TWENTY-FIVE

2               [18 U.S.C. § 1343]

3  A.   INTRODUCTORY ALLEGATIONS

4        7.   The Grand Jury realleges paragraph 1 of this Indictment

5  here.

6        8.   Defendant QUACH was signatory to and maintained control of

7  JPMorgan Chase account #6937, which she had opened in the name of AQ

8  Financial.

9        The Paycheck Protection Program

10       9.   The Coronavirus Aid, Relief, and Economic Security

11 ("CARES") Act was a federal law enacted in or about March 2020 that

12 was designed to provide emergency financial assistance to Americans

13 suffering economic harm as a result of the COVID-19 pandemic. One

14 form of assistance provided by the CARES Act was the authorization of

15 United States taxpayer funds in forgivable loans to small businesses

16 for job retention and certain other expenses, through a program

17 referred to as the Paycheck Protection Program ("PPP").

18       10.  In order to obtain a PPP loan, a qualifying business was

19 required to submit a PPP loan application signed by an authorized

20 representative of the business. The PPP loan application required the

21 small business (through its authorized representative) to acknowledge

22 the program rules and make certain affirmative certifications in

23 order to be eligible to obtain the PPP loan. One such certification

24 required the applicant to affirm that "[t]he [PPP loan] funds w[ould]

25 be used to retain workers and maintain payroll or make mortgage

26 interest payments, lease payments, and utility payments." The

27 applicant (through its authorized representative) was also required

28 to acknowledge that "I understand that if the funds are used for

18

unauthorized purposes, the federal government may pursue criminal fraud charges." In the PPP loan application, the applicant was required to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, the applicant was required to provide documentation showing its payroll expenses.

11.  A business's PPP loan application was received and processed, in the first instance, by a participating financial institution. If a PPP loan application was approved, the participating financial institution would fund the PPP loan using its own monies.

12.  PPP loan proceeds were required to be used by the business on certain permissible expenses, namely, payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be forgiven entirely if the business spent the loan proceeds on these expenses within a designated period of time and used at least a minimum amount of the PPP loan proceeds towards payroll expenses.

B.    THE SCHEME TO DEFRAUD

13.  Beginning by at least June 26, 2020, and continuing until on or about August 24, 2021, in Ventura County, within the Central District of California, and elsewhere, defendant QUACH, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the SBA and financial institutions, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

14.   The fraudulent scheme operated, in substance, as follows:

a.   Defendant QUACH made and caused to be made, false statements to the SBA and financial institutions in connection with fraudulent applications for a PPP loan and forgiveness of the loan, including false representations regarding the amount of wages paid to employees, and false certifications that the loans would be and had been used for permissible business purposes.

b.   Defendant QUACH electronically submitted, and caused to be submitted, to the SBA and financial institutions the fraudulent PPP loan and forgiveness applications, as well as false and fictitious tax documents and payroll records.

c.   Defendant QUACH directed the PPP loan proceeds to be deposited into a bank account that defendant QUACH controlled, namely, JPMorgan Chase account #6937.

d.   Defendant QUACH used the fraudulently obtained PPP loan proceeds for her own personal benefit, including for expenses prohibited under the requirements of the PPP program.

e.   Instead of paying back the PPP loan, defendant QUACH filed an application for forgiveness of the loan based on false statements that the PPP proceeds had been spent on payroll costs.

///

///

///

C.    <u>USE OF INTERSTATE WIRES</u>

15.  On or about the dates set forth below, in Ventura County, within the Central District of California, and elsewhere, for the purpose of executing the scheme described above, defendant QUACH transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| COUNT | DATE | INTERSTATE WIRING |
|-------|------|-------------------|
| 23 | 6/26/2020 | Submission to Cross River Bank of application for a PPP loan to "AQ Financial" sent by means of an interstate wire |
| 24 | 6/29/2020 | Transfer of approximately $82,493 in PPP loan proceeds from Cross River Bank to JPMorgan Chase account #6937 by means of an interstate wire |
| 25 | 8/24/2021 | Submission to Cross River Bank of application for forgiveness of PPP loan issued in the name of "AQ Financial" |

1                    FORFEITURE ALLEGATION ONE

2              [26 U.S.C. § 7301 and 28 U.S.C. § 2461(c)]

3       1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 26,

6  United States Code, 7301, and Title 28, United States Code, Section

7  2461(c), in the event of the defendant's conviction of the offenses

8  set forth in any of Counts One through Twenty-Two of this Indictment.

9       2.   The defendant, if so convicted, shall forfeit to the United

10 States of America the following:

11          (a) Any property sold or removed by the defendant in fraud

12 of the internal revenue laws, or with design to avoid payment of such

13 tax, or which was removed, deposited, or concealed, with intent to

14 defraud the United States of such tax or any part thereof;

15          (b) All property manufactured into property of a kind

16 subject to tax for the purpose of selling such taxable property in

17 fraud of the internal revenue laws, or with design to evade the

18 payment of such tax;

19          (c) All property whatsoever, in the place or building, or

20 any yard or enclosure, where the property described in subsection (a)

21 or (b) is found, or which is intended to be used in the making of

22 property described in subsection (a), with intent to defraud the

23 United States of tax or any part thereof, on the property described

24 in subsection (a);

25          (d) All property used as a container for, or which shall

26 have contained, property described in subsection (a) or (b);

27          (e) Any property (including aircraft, vehicles, vessels, or

28 draft animals) used to transport or for the deposit or concealment of

property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a); and

(f)  To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in this paragraph.

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts Twenty-Three through Twenty-Five of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

///

///

///

24

been substantially diminished in value; or (e) has been commingled

with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. McNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

ALEXANDER P. ROBBINS
Assistant United States Attorney
Acting Chief, Criminal Appeals Section

MATTHEW R. HOFFMAN
Trial Attorney, Tax Division
United States Department of Justice

RANEE A. KATZENSTEIN
Assistant United States Attorney
Acting Deputy Chief, Criminal Appeals Section